24CA1797 Marriage of Martinez 08-14-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1797
Weld County District Court No. 23DR218
Honorable Kimberly B. Schutt, Judge

In re the Marriage of

Christina Ellen Martinez n/k/a Christina LoneBear,

Appellant,

and

Matthew James Martinez,

Appellee.

JUDGMENT AFFIRMED

Division III
Opinion by JUDGE DUNN
Brown and Schock, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 14, 2025

Christina Ellen Martinez n/k/a Christina LoneBear, Pro Se

No Appearance for Appellee

¶ 1     In this dissolution of marriage proceeding between Christina Ellen Martinez, n/k/a Christina LoneBear (mother), and Matthew James Martinez (father), mother appeals portions of the permanent orders.  We affirm the judgment.

## I.     Background

¶ 2     In 2023, the parties jointly petitioned to dissolve their nearly fifteen-year marriage.  After a hearing, the district court entered permanent orders.  As to the parties' then-seven-year-old son, the court designated mother the primary residential parent with sole decision-making authority and awarded father parenting time three weekends a month.  The court also ordered father to pay monthly maintenance and child support.

¶ 3     Mother appeals portions of the permanent orders concerning parenting time.  She also contends that the district court incorrectly calculated her gross income for purposes of awarding maintenance and child support.

## II.     Addiction Treatment

¶ 4     As we understand it, mother first asserts that the district court failed to acknowledge that father has a pornography addiction

that affects his ability to care for the child and that the court erred by not addressing father's "need for inpatient addiction treatment."

¶ 5     But the record shows that the district court considered and addressed father's pornography use. The court specifically rejected father's testimony that he no longer accessed online pornography, and it ordered father to "continue individual therapy," complete an evaluation "to determine whether he has a pornography addiction," and "follow up with any therapies or other treatment recommended by the evaluator." And the court disagreed with mother's argument that father's pornography use affected his ability to care for the child. Rather, crediting the report of the child and family investigator as well as the testimony of other professionals "involved with [the child]," the court found that father "is a fit, appropriate and loving parent."

¶ 6     Though mother disagrees with the court's findings and refusal to order inpatient treatment, to the extent mother asks us to draw different evidentiary inferences or reweigh the evidence, that's not our role. *See In re Marriage of Kann,* 2017 COA 94, ¶ 36 ("[O]ur supreme court has . . . expressed unbridled confidence in trial courts to weigh conflicting evidence."). We therefore reject mother's

contention that the district court failed to consider father's ability to appropriately parent the child due to his pornography use.

### III.    Parenting Time

¶ 7    Mother next challenges the parenting time order. Specifically, she says that allowing father three weekends a month of parenting time was not in the child's best interests and was contrary to the recommendations of the child and family investigator.

¶ 8    Allocating parenting time is a matter within the sound discretion of the district court. *In re Marriage of Hatton*, 160 P.3d 326, 330 (Colo. App. 2007). A court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair, or is based on a misapplication of the law. *In re Marriage of Evans*, 2021 COA 141, ¶ 25.

¶ 9    When allocating parenting time, the district court must focus on the child's best interests, giving paramount consideration to the child's safety and their physical, mental, and emotional conditions and needs. *See* §§ 14-10-123.4(1)(a), 14-10-124(1.5), (1.7), C.R.S. 2024; *see also In re Marriage of Morgan,* 2018 COA 116M, ¶ 17. To make this determination, the court must consider all relevant

factors, including those factors identified in section 14-10-124(1.5)(a) and (b). *Morgan*, ¶¶ 17, 21.

¶ 10 The court carefully considered the statutory factors; the testimony of the parties, teachers, and therapists; and the child and family investigator's report. It credited testimony that father was a good parent and engaged the child in ways that mother did not. And though the court recognized that the child and family investigator recommended that father have parenting time "every other weekend," the court found that allowing father parenting time three weekends a month would "more likely" serve the child's need for "stability and predictability," as well as "provide frequent and continuing contact with father." Still, recognizing the child's particular need for consistency, the court declined to order additional parenting time for father during the week.

¶ 11 Though mother asks us to reach a different parenting time decision, the district court applied the correct legal standard and made findings supported by the record. Thus, we will neither reweigh the evidence nor disturb the parenting time order.

## IV. Mother's Income

¶ 12    Mother contends that the district court miscalculated her gross income for purposes of maintenance and child support.

¶ 13    Child support and maintenance are calculated using each parent's actual gross income.  § 14-10-114(3)(a)(I)(A), (8)(c)(I), C.R.S. 2024; § 14-10-115(3)(c), (5)(a)(I), C.R.S. 2024.  Gross income includes income "from any source," other than certain listed exceptions that are not applicable here.  §§ 14-10-114(8), -115(3)(c), (5)(a)(I); *In re Marriage of Schaefer*, 2022 COA 112, ¶ 15.  We review a court's maintenance and child support orders, including its determination of the parties' incomes, for an abuse of discretion.  *In re Marriage of Tooker*, 2019 COA 83, ¶¶ 12, 21, 27.

¶ 14    The district court found that mother's monthly gross income totaled $3,335.  That calculation included $1,875 per month from mother's part-time employment.  It also included — over mother's objection — $1,460 per month that mother received to care for the child through the "disabled children care program" (waiver program).  § 25.5-6-901, C.R.S. 2024.

¶ 15    Mother says that because the money she receives from the waiver program is excludable from gross income under federal law,

*see* I.R.S. Notice 2014-7, 2014-4 I.R.B. 445, the district court erred by including the monthly waiver program payments in her gross income to calculate maintenance and child support.

¶ 16     But "[t]he determination of a parent's gross income for child support purposes is not controlled by definitions of gross income used for federal or state income tax purposes." *In re Marriage of Cardona,* 321 P.3d 518, 526 (Colo. App. 2010), *aff'd on other grounds,* 2014 CO 3. To the extent that mother relies on *In re Marriage of Bolding-Roberts*, 113 P.3d 1265 (Colo. App. 2005), to assert that the waiver payments should not have been counted as income, we disagree. That case involved payments that constituted income to the child. *Id.* at 1268. Mother does not argue that the waiver program payments that she receives to care for the child are income to the child. And mother provides no other authority or argument explaining why the waiver program payments are excluded from Colorado's "broad statutory definition" of gross income. *In re A.M.D.,* 78 P.3d 741, 743-44 (Colo. 2003).

¶ 17     We therefore cannot conclude that the district court abused its discretion by including the waiver program payments in mother's gross income to calculate child support and maintenance.

## V.  Mother's Income Loss

¶ 18    Finally, because she did not raise it in the district court, we will not consider mother's appellate argument that the district court erred by not considering her lost waiver program payments under the new parenting time schedule when it calculated child support and maintenance.  *See In re Marriage of Pawelec*, 2024 COA 107, ¶ 38 (declining to review as unpreserved an issue that was never raised before or decided by the district court).

## VI.  Disposition

¶ 19    We affirm the judgment.

JUDGE BROWN and JUDGE SCHOCK concur.